IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **JON L. BRUNENKANT,** | * |
| *Plaintiff,* | * |
| v. | Case No. 1:24-cv-02375 |
| **PUBLIC STORAGE,** *et al.,* | * |
| *Defendants.* | * |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER
## DENYING DEFENDANTS' MOTION TO DISMISS AS MOOT

Plaintiff, Jon L. Brunenkant, filed the present lawsuit on August 15, 2024, alleging a claim for damage to property kept in a storage unit leased to Plaintiff by Defendants. (ECF No. 1). Presently pending before the Court is a Renewed Motion to Dismiss Plaintiff's Complaint filed by Defendants Public Storage and Public Storage Operating Company. (ECF No. 23).[1] The Court has reviewed Plaintiff's opposition. (ECF No. 30). No reply has been filed, and the deadline to do so has passed. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth below, Defendants' Renewed Motion to Dismiss shall be DENIED as MOOT without prejudice and with leave to file a motion to dismiss Plaintiff's Amended Complaint.

Defendants Public Storage and Public Storage Operating Company contend that Plaintiff's original complaint must be dismissed for lack of subject matter jurisdiction because (1) Public Storage is a real estate investment trust ("REIT") with at least thirty-one shareholders domiciled in Washington, DC, where Plaintiff also resides; and (2) Plaintiff's rental agreement with Public

---

[1] The Court denied Defendants' first Motion to Dismiss without prejudice, (ECF No. 16), because the parties had not yet consented to proceed before a Magistrate Judge as required by Standing Order 2019-07.

Storage places a $5,000 limitation on liability. (ECF No. 23 at 1-2).[2] Plaintiff invokes diversity jurisdiction as grounds for this Court's subject matter jurisdiction, and Defendants therefore argue that the case must be dismissed because there is not complete diversity between the parties and the amount in controversy is contractually restricted to far below the monetary threshold for jurisdiction. *Id.*; 28 U.S.C. § 1332.

After the Renewed Motion to Dismiss was filed, Plaintiff filed an Amended Complaint, removing Public Storage as a party, adding PSCC Inc., and newly alleging that he purchased supplemental insurance from Defendants such that the items in the storage unit were insured for $90,000. (ECF No. 26 at 3). Accordingly, Plaintiff argues that he has addressed the deficiencies raised by Defendants' Motion to Dismiss and the motion must be denied as moot. The Court agrees.

An amended complaint "generally moots any pending motions to dismiss because the original complaint is superseded." *Due Forni LLC v. Euro Rest. Sols., Inc.*, No. PWG-13-3861, 2014 WL 5797785, at *2 (D. Md. Nov. 6, 2014) (quoting *Venable v. Pritzker*, No. GLR-13-1867, 2014 WL 2452705, at *5 (D. Md. May 30, 2014) (internal citation omitted)); *see also Fawzy v. Wauquiez Boats SNC*, 873 F.3d 451, 455 (4th Cir. 2017) ("[A] properly filed amended complaint supersedes the original one and becomes the operative complaint in the case" rendering the original complaint "of no effect.") (quoting *Young v. City of Mt. Rainier*, 238 F.3d 567, 573 (4th Cir. 2001)). The Court may nonetheless consider a motion dismiss the original complaint if the deficiencies raised in the motion remain in the amended complaint. *Johnson v. Asset Acceptance, LLC*, No. GLR-15-538, 2015 WL 8760737, at *1 (D. Md. Dec. 15, 2015) (citing *Buechler v. Your Wine & Spirit Shoppe, Inc.*, 846 F. Supp. 2d 406, 415 (D. Md. 2012)). Here, Plaintiff has addressed

---

[2] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document.

the two grounds for dismissal raised in Defendants' motion by removing Public Storage[3] as a party and alleging that he insured the purportedly damaged property for $90,000 by purchasing a supplemental policy from Defendants. (ECF No. 26 at 3). Plaintiff alleges that PSCC Inc. is a California corporation with its principal place of business at 701 Glendale,[4] California 91201, *id.* at 2, and Defendants have not challenged PSSC Inc.'s alleged citizenship at this time. Based on the record currently before the Court, it appears there is complete diversity between the parties. The Court will therefore deny the motion to dismiss as moot.

For the reasons stated, the Motion to Dismiss filed by Public Storage and Public Storage Operating Company (ECF No. 23) is hereby DENIED as MOOT without prejudice. Defendants shall file an answer or other responsive pleading (including another motion to dismiss if appropriate) within thirty (30) days of the entry of this Order.

Dated: February 13, 2025

/s/
J. Mark Coulson
United States Magistrate Judge

---

[3] In Defendants' Motion to Dismiss, Public Storage and Public Storage Operating Company are referred to collectively as "Public Storage." (ECF No. 23 at 1). It is therefore unclear whether Defendants' argument regarding complete diversity could be applicable to both entities. If that is the case, however, Public Storage Operating Company shall have the opportunity to raise the issue in a second motion to dismiss.
[4] Plaintiff does not include a street name in the address.