IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| **JON BRUNENKANT,** | * | |
| *Plaintiff,* | * | |
| v. | * | Civil Case No: 1:24-cv-02375-JMC |
| **PUBLIC STORAGE OPERATING COMPANY,** *et at.*, | * | |
| | * | |
| *Defendants.* | | |

\* \* \* \* \* \* \* \* \* \* \* \*

## MEMORANDUM OPINION AND ORDER DENYING DEFENDANTS' MOTION TO DISMISS, OR IN THE ALTERNATIVE, MOTION FOR SUMMARY JUDGMENT

Plaintiff, Jon Brunenkant, filed the present lawsuit on August 15, 2024 against Public Storage and Public Storage Operating Company ("PS Operating"), asserting a gross negligence claim stemming from alleged damage to property Plaintiff kept in a storage unit leased from Defendants. (ECF No. 1). Plaintiff amended his complaint on November 22, 2024, naming PSSC, Inc. as a defendant, removing Public Storage as a party, and adding a claim for failure to disclose and fraudulent concealment. (ECF No. 26). Presently before the Court is Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment. (ECF No. 32). The motion has been fully briefed, (ECF Nos. 34 & 35), and no hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons set forth herein, Defendants' Motion, (ECF No. 32), shall be DENIED.

### I.  BACKGROUND

This matter arises from Plaintiff's rental of a self-storage unit located at 16001 Frederick Road in Rockville, Maryland. (ECF No. 26 at 1).[1] Plaintiff contends, and defendants to not appear

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. Where a document is not electronically stamped, the citation is instead to the number at the bottom of the page.

1

to dispute, that he leased the unit from PS Operating. *Id.* at 2; ECF No. 32-3 at 3.[2] The parties further agree that the lease was formalized in a written rental agreement "on or before September 24, 2016," although, as will be discussed, the terms of that agreement are contested. *Id.* Plaintiff alleges that on or about April 1, 2019, flooding occurred at the storage facility, and he was told to contact PS Operating regarding his unit. *Id.* at 4. Per Plaintiff's Complaint, he went to the storage facility to inspect his unit, and, upon discovering evidence of water damage, spoke with a PS Operating Manager who reassured him that PS Operating was taking steps to ensure the facility was completely waterproofed and that that his items in storage were fully insured. *Id.* The PS Operating Manager further indicated that the basement level, where Plaintiff's items were stored, "would be more protective of antiques and other wood furniture." *Id.* Plaintiff was notified of another issue regarding his storage unit in August 2021, and went to view the unit on or about September 5, 2021. *Id.* at 4-5. He discovered "the entire basement level had been completely flooded with standing water more than a foot high for an extended time" and everything in his unit, which included antique wooden furniture and rugs, was completely ruined, resulting in the case *sub judice*. *Id.*

With respect to the issue of the written agreement, Plaintiff maintains that he submitted a list of the items he planned to store in the unit and provided an estimated value of the items to be approximately $90,000. *Id.* at 3. Based on his estimate, the PS Operating employee assisting him with the lease "quoted an insurance rate to Plaintiff that Plaintiff fully agreed to for fully insuring the items in storage for $90,000." *Id.* at 3. This purportedly led to the inclusion of an "Insurance Addendum to the Rental Agreement" in the parties' agreement. (ECF No. 34-1 at 3). Defendants counter that individuals leasing a storage unit from them must agree that the total value of the

---

[2] It is less clear whether PSSC, Inc. was a party to any rental agreement.

property stored in the unit cannot exceed $5,000, and that while PS Operating offers insurance to customers, the maximum coverage available is $5,000. (ECF No. 32-3 at 3).[3] Defendants attach a written rental agreement to their motion, which they offer as "[a] true and accurate copy of the Rental Agreement agreed to by [Plaintiff]." *Id.* Plaintiff contends that this is merely a "form" and not the true agreement between the parties. (ECF No. 34-1 at 3-4). Plaintiff's identifying information has been typed into the first page of the agreement provided by Defendants, but it not signed by either party and Plaintiff did not initial any of the three paragraphs which the agreement requires the signing customer to place their initials beside. (ECF No. 32-2).

## II.     LEGAL STANDARD

### a.  Federal Rules of Civil Procedure 12(b)(6) and 56

Defendants style their Motion as a motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or, in the alternative, for summary judgment under Federal Rule of Civil Procedure 56. "A motion styled in this manner implicates the court's discretion under Rule 12(d) of the Federal Rules of Civil Procedure." *Pevia v. Hogan*, 443 F. Supp. 3d 612, 625 (D. Md. 2020). The Court has "*complete discretion* to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not consider it." *Id.* at 626 (other citation omitted) (emphasis added).

"If the court considers matters outside of the pleadings on a Rule 12(b)(6) motion, it shall treat the motion as one for summary judgment, to be disposed of under Rule 56, and provide all parties a 'reasonable opportunity to present all material made pertinent to such a motion.'" *Nader*

---

[3] Plaintiff disputes this statement, indicating that he submitted separate monthly payments for the storage unit and the insurance, and maintaining that "PSCC and its insurance subcontractors offered multiple levels of insurance[.]" (ECF No. 34-2 at 3).

3

*v. Blair*, No. WDQ-06-2890, 2007 WL 6062652, at *4 (D. Md. Sept. 27, 2007), *aff'd*, 549 F.3d 953 (4th Cir. 2008) (quoting Fed. R. Civ. P. 12(b)).  However, "[u]nder limited circumstances, when resolving a Rule 12(b)(6) motion, a court may consider exhibits, without converting the motion to dismiss to one for summary judgment." *Brennan v. Deluxe Corp.*, 361 F. Supp. 3d 494, 501 (D. Md. 2019).  "Those limited circumstances are matters of public record, documents explicitly incorporated into a complaint by reference or attached to the complaint as exhibits, or any document 'submitted by the movant that was not attached to or expressly incorporated in a complaint, so long as the document was integral to the complaint and there is no dispute about the document's authenticity.'" *Shields v. Verizon Md., LLC*, No. 1:23-CV-02932-JMC, 2024 WL 1050996, at *4 (D. Md. Mar. 11, 2024) (quoting *Brennan*, 361 F. Supp. 3d at 501-02).

Defendants attach two exhibits to their motion: an unexecuted rental agreement and a declaration by Jeff Clark, the senior regional vice president at Public Storage. (ECF Nos. 32-1, 32-2). Mr. Clark attests that the agreement is "[a] true and accurate copy of the Rental Agreement agreed to by Mr. Brunenkant, when he initially transacted for a self-storage unit from Public Storage" in September 2016, and explains that "[a]ny Public Storage customer who leased a rental unit from Public Storage in Maryland in September 2016 would have, and must have, agreed to the terms and conditions set forth under Public Storage's standard rental agreement[.]" (ECF No. 32-1 at 2-3). However, as previously stated, the rental agreement is not signed by either party. (ECF No. 32-2 at 5). There are four spaces in the agreement designated for the signer to initial, and none are initialed. *Id.* at 3-5. The only indication that this contract is connected to Plaintiff in any way appears on the first page, where Plaintiff's name and contact details are typed under "Customer Information." *Id.* at 1. Plaintiff maintains the agreement attached to Defendants' motion is simply a form, not the actual agreement between the parties, and explains that the true agreement

4

"included an 'Insurance Addendum to the Rental Agreement' and a list of the items stored in [his unit]." (ECF No. 34-1 at 3).[4]

Because there is a dispute as to the authenticity of the attached agreement, the Court may not consider it if Defendants' motion is treated as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Brennan*, 361 F. Supp. 3d at 502. The Court will, however, exercise its discretion under Rule 12(d) to nonetheless consider the agreement and declaration, and will accordingly construe Defendants' motion as one for summary judgment under Rule 56. Fed. R. Civ. P. 12(d); *Williams v. Corcoran*, No. ELH-19-896, 2020 WL 1235027, at *4("A district judge has 'complete discretion to determine whether or not to accept the submission of any material beyond the pleadings that is offered in conjunction with a Rule 12(b)(6) motion and rely on it, thereby converting the motion, or to reject it or simply not considerate.'") (quoting 5C Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1366 (3d ed. 2018)). This determination is applicable to the extent that Defendants' motion is based on arguments that Plaintiff has failed to state a claim as a matter of law, as opposed to Defendants' alternative argument that the Court lacks subject matter jurisdiction, which is discussed in the next section. *See infra* Sec. II(b).

Federal Rule of Civil Procedure 56(a) requires the Court to "grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A dispute as to a material fact "is genuine if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *J.E. Dunn Const. Co. v. S.R.P. Dev. Ltd. P'ship*, 115 F. Supp. 3d 593, 600 (D. Md. 2015) (quoting *Anderson v. Liberty*

---

[4] In his Amended Complaint, Plaintiff alleges that agreement appeared on his online account with PS Operating sometime in the past two years, but that it "is not the agreement signed by Plaintiff but rather a 'form' to which Defendants gratuitously typed in Plaintiff's name." (ECF No. 26 at 3).

*Lobby, Inc.*, 477 U.S. 242, 248 (1986)). A nonmoving party "opposing a properly supported motion for summary judgment 'may not rest upon the mere allegations or denials of [his] pleadings,' but rather must 'set forth specific facts showing that there is a genuine issue for trial.'" *Bouchat v. Balt. Ravens Football Club, Inc.*, 346 F.3d 514, 522 (4th Cir. 2003) (quoting Fed. R. Civ. P. 56(e)).

The Court is "required to view the facts and draw reasonable inferences in the light most favorable to" the nonmoving party. *Iko v. Shreve*, 535 F.3d 225, 230 (4th Cir. 2008) (citing *Scott v. Harris*, 550 U.S. 372, 377 (2007)). However, the Court must also "abide by the 'affirmative obligation of the trial judge to prevent factually unsupported claims and defenses from proceeding to trial.'" *Heckman v. Ryder Truck Rental, Inc.*, 962 F. Supp. 2d 792, 799–800 (D. Md. 2013) (quoting *Drewitt v. Pratt*, 999 F.2d 774, 778–79 (4th Cir. 1993)). Consequently, a party cannot create a genuine dispute of material fact through mere speculation or compilation of inferences. *See Deans v. CSX Transp., Inc.*, 152 F.3d 326, 330–31 (4th Cir. 1998).

### b. Federal Rule of Civil Procedure 12(b)(1)

Defendants alternatively argue that the Court lacks subject matter jurisdiction, advocating for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(1). A motion under Rule 12(b)(1) may proceed in one of two ways: either a facial challenge, in which a defendant contends "that a complaint simply fails to allege facts upon which subject matter jurisdiction can be based," or a factual challenge, in which a defendant argues "that the jurisdictional allegations of the complaint [are] not true." *Kerns v. United States*, 585 F.3d 187, 192 (4th Cir. 2009) (quoting *Adams v. Bain*, 697 F.2d 1213, 1219 (4th Cir. 1982)). Here, Defendants aver that Plaintiff agreed to a rental contract which limited liability to $5,000, which is far below the $75,000 monetary threshold required to establish diversity jurisdiction under 28 U.S.C. § 1332. (ECF No. 32 at 2). In a factual

challenge such as this one, the court "may regard the pleadings as mere evidence on the issue and may consider evidence outside the pleadings without converting the proceeding to one for summary judgment." *Velasco v. Gov't of Indonesia*, 370 F.3d 392, 398 (4th Cir. 2004). A motion for lack of subject matter jurisdiction under Rule 12(b)(1) should be granted "only if the material jurisdictional facts are not in dispute and the moving party is entitled to prevail as a matter of law." *Evans v. B.F. Perkins Co.*, 166 F.3d 642, 647 (4th Cir. 1999) (quoting *Richmond, Fredericksburg & Potomac R. Co. v. United States*, 945 F.2d 765, 768 (4th Cir. 1991)). Further, "'where the jurisdictional facts are intertwined with facts central to the merits of the dispute,' a presumption of truthfulness should attach to the plaintiff's allegations." *Kerns*, 585 F.3d at 193 (quoting *Adams*, 697 F.2d at 1219). Such factual disputes should only be resolved after appropriate discovery, "unless the jurisdictional allegations are clearly immaterial or wholly unsubstantial and frivolous." *Id.* (citing *Bell v. Hood*, 327 U.S. 678, 682 (1946)).

### III.   ANALYSIS

Defendants set forth three arguments in their motion. First, they cite exculpatory provisions in §§ 4.1 and 4.2 of the rental agreement, arguing that Plaintiff has agreed to release PS Operating and Public Storage from liability for any loss or damage caused by Public Storage's acts, omissions, or negligence. (ECF No. 32-3 at 8-9). Second, they point to § 4.4 of the rental agreement—which provides that any claim not made within twelve months of the date it arises is waived—arguing Plaintiff's claim is barred because he filed this action almost three years after the September 2021 flooding incident. *Id.* at 12-13. Finally, Defendants maintain that § 4.1 of the rental agreement limits any damages Plaintiff could recover from Public Storage to $5,000, depriving this Court of subject matter jurisdiction under 28 U.S.C. § 1332. *Id.* at 13.

All three of Defendants' arguments are predicated on Plaintiff being bound by the terms of the agreement attached to their motion. Although Defendants contend that Plaintiff must have consented to the terms of the contract in order to rent a storage unit in 2016, they cannot escape the simple fact that the contract is unexecuted by either party. (ECF No. 32-2). Moreover, Plaintiff maintains that he did not agree to the terms of the attached rental agreement and indicates the operative contract included an insurance addendum and a list of the items Plaintiff stored in the unit. (ECF No. 34 at 2) ("Defendants' Motion to Dismiss is entirely based on an incomplete 'form' of contract, and optional provisions contained in that 'form' not selected by Plaintiff or agreed to by the contracting parties."); (ECF No. 34-2).

On this record, there exist legitimate questions as to the authenticity of the contract and the terms of the parties' agreement, defeating any argument that Plaintiff's claims are contractually barred by the exculpatory provisions relied on by Defendants. These genuine disputes of material fact preclude summary judgment under Federal Rule 56. [5] Additionally, dismissal under Federal Rule 12(b)(1) is also inappropriate given that material jurisdictional facts are in dispute, and the question of whether the attached rental agreement is enforceable certainly goes to the merits of Plaintiff's claim. *See Evans*, 166 F.3d at 647; *Kerns*, 585 F.3d at 193 ("[W]hen the jurisdictional facts are inextricably intertwined with those central to the merits, the court should resolve the relevant factual disputes only after appropriate discovery[.]"). Defendants' motion will therefore be denied.

### IV.   CONCLUSION

---

[5] Because Defendants' motion is denied on these grounds, the Court will not consider arguments regarding whether the exculpatory provisions in the rental agreement are enforceable.

For the reasons stated, Defendants' Motion to Dismiss, or in the Alternative, Motion for Summary Judgment (ECF No. 32) is hereby DENIED. Defendants are directed to file an answer to Plaintiff's Amended Complaint within fourteen (14) days of the entry of this Order.

Date: April 30, 2025                         /s/
                                   _____
                                   J. Mark Coulson
                                   United States Magistrate Judge