**UNITED STATES DISTRICT COURT**
**DISTRICT OF MARYLAND**

CHAMBERS OF
J. Mark Coulson
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
P:(410) 962-4953 — F:(410) 962-2985

November 4, 2025

LETTER MEMORANDUM OPINION AND ORDER TO ALL COUNSEL OF RECORD

RE:    *Brunenkant v. Public Storage Operating Company, et al.*
       Civil No. 1:24-cv-02375-JMC

Dear Counsel:

The instant case involves a dispute arising from the Plaintiff's lease of a self-storage unit that flooded.  (ECF Nos. 26, 44, 46). On October 28, 2025, Defendants alerted this Court to a discovery dispute.  (ECF No. 54). The Court directed the parties to file position letters on October 29, 2025 in accordance with its informal procedures governing discovery disputes. (ECF Nos. 39 and 55). The parties submitted their respective position statements regarding the current dispute on October 30, 2025, and November 4, 2025.  (ECF Nos. 56, 58).

### 1.  Plaintiff's Outstanding Discovery Responses

Defendants alerted the Court to the existence of a discovery dispute regarding Plaintiff's delayed production of documents and responses to interrogatories.  (ECF No. 56 at 1).[1]  Although Plaintiff requested a two-week extension—until October 17, 2025, to serve his responses, that date came and went without production.  *Id*.  Eventually, on or about October 25, Plaintiff indicated that his response would be withheld until Defendants produced their discovery responses.  *Id*. After reminding Plaintiff that the existence of one discovery dispute does not justify delaying other discovery, *See* Loc. R. 104.3 (D. Md. 2025) Defendants granted Plaintiff until October 27 to produce his discovery responses.  *Id*.

It appears based on Plaintiff's position letter received by the Court on November 4, 2025, that Plaintiff "fully responded to all outstanding discovery requests addressed to Plaintiff by the Defendants, including their interrogatories and request for the production of documents."  (ECF No. 58). To that end, it appears this dispute has resolved.  If Defendants deem those responses incomplete, they are, of course, free to raise these deficiencies with Plaintiff and, if necessary, with the Court through the informal discovery dispute process in place.

---

[1] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. Where a document is not electronically stamped, the citation is instead to the number at the bottom of the page.

**2. Defendant's Discovery Responses**

Plaintiff indicates in his position letter "Defendants have still not provided any meaningful responses to Plaintiff's August 5, 2025, Request for Documents." (ECF No. 58). If Plaintiff is unable to resolve the issue through continued discussions with Defendants, he is free to utilize the Court's information discovery dispute process set forth in ECF No. 39.

**3. Scheduling Order**

The Court is aware that the current discovery deadline is scheduled for November 24, 2025. (ECF No. 42). Both parties have expressed concern about this date in light of the discovery dispute. (ECF Nos. 56 at 2, 58). The Court will consider a reasonable joint request for modification of the Scheduling Order. Any such request should be riled by November 12, 2025.

Despite the informal nature of this letter, it should be flagged as an Opinion and Order of the Court and the Clerk is directed to docket it as such.

Sincerely yours,

_____/s/_____
J. Mark Coulson
United States Magistrate Judge