UNITED STATES DISTRICT COURT
DISTRICT OF MARYLAND

CHAMBERS OF
J. Mark Coulson
UNITED STATES MAGISTRATE JUDGE

101 WEST LOMBARD STREET
BALTIMORE, MARYLAND 21201
P:(410) 962-4953 — F:(410) 962-2985

January 22, 2026

LETTER MEMORANDUM OPINION AND ORDER TO ALL COUNSEL OF RECORD

RE:   *Brunenkant v. Public Storage Operating Company, et al.*
      Civil No. 1:24-cv-02375-JMC

Dear Counsel:

The instant case involves a dispute arising from the Plaintiff's lease of a self-storage unit that flooded. (ECF Nos. 26, 44, 46). On January 9, 2026, Plaintiff alerted this Court to a discovery dispute by way of a one-page letter sent to the Chambers inbox. (Later docketed upon request as ECF No. 67). The Court previously directed the parties to engage in the informal procedures governing discovery disputes. (ECF Nos. 39, 55, 59). Defendants submitted their position statement regarding the current dispute on January 22, 2026. (ECF No. 69).

1. **Defendants' Outstanding Discovery Responses**

Plaintiff represented that Defendants "still have not provided a single answer or document" to his November 5, 2025 Interrogatories. (ECF No. 67) However, it appears based on Defendants' position letter received by the Court on January 22, 2026, that Defendant Public Storage "acknowledges that their Answers to Mr. Brunenkant's Interrogatories have been overdue,[1]" but "PSCC, Inc.'s Answers to Mr. Brunenkant's Interrogatories, as well as additional documents responsive to those Interrogatories, were served today prior to the submission of this letter." (ECF No. 69 at 1). [2] To that end, it appears this dispute has resolved. If Plaintiff deems those responses incomplete, he is, of course, free to raise these deficiencies with Defendants and, if necessary, with the Court through the informal discovery dispute process in place.

However, Plaintiff is cautioned that the informal discovery dispute process includes the following instruction: "In the event of a disagreement involving discovery, **prior to requesting Court intervention**, Counsel are to confer with each other and attempt to resolve or narrow the dispute." (ECF No. 39 at 1) (emphasis in original). Under Local Rule 104.7, "Counsel shall confer with one another concerning a discovery dispute and make a reasonable effort to resolve the

---

[1] The Court trusts the Defendants' representation that the delay was not in bad faith and due, in part to the limited staff availability over the holidays. (ECF No. 69 at 2).
[2] When the Court cites to a specific page number or range of page numbers, the Court is referring to the page numbers provided in the electronic filing stamps located at the top of every electronically filed document. Where a document is not electronically stamped, the citation is instead to the number at the bottom of the page.

differences between them…A 'reasonable effort' means more than sending an email or letter to the opposing party. It requires that the parties meet in person or by video or telephonic means for a reasonable period of time in a good faith effort to resolve the disputed matter." Loc. R. 104.7 (D. Md. 2025). It appears based on Defendants' position letter that Plaintiff sent one email with an attached "1-page joint letter" that he later filed regarding the outstanding discovery responses. (ECF No. 69 at 4). In response, Defendants asked for until the following Monday to respond. Recognizing that the correspondence on both sides was sparse, the parties are directed to make reasonable efforts—going beyond one email—before altering the Court of avoidable discovery disputes. If Plaintiff deems the responses provided on January 22, 2206 to be incomplete, he must "meet in person or by video or telephonic means for a reasonable period of time" to resolve his concerns.

    Despite the informal nature of this letter, it should be flagged as an Opinion and Order of the Court and the Clerk is directed to docket it as such.

    Sincerely yours,

    _____/s/_____
    J. Mark Coulson
    United States Magistrate Judge